# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

CHAMBER OF COMMERCE OF THE UNITED
STATES OF AMERICA, et al.,

        Plaintiffs/Appellees,

    v.

FEDERAL TRADE COMMISSION, et al.

        Defendants/Appellants.

No. 26-40094

## APPELLANTS' UNOPPOSED MOTION TO HOLD THIS APPEAL IN ABEYANCE

The government respectfully requests that this appeal be placed in abeyance in light of an ongoing process in which the Federal Trade Commission and the Department of Justice are considering revisions to the rule challenged here. The government further requests that the existing briefing deadlines be tolled while this Court considers this motion, as discussed below. This motion is unopposed.

1. This case involves a rule amending the pre-merger reporting requirements governing certain large mergers and acquisitions. Under the Hart Scott Rodino Act, parties to certain transactions that exceed specified size thresholds must report "such documentary material and information relevant to [the] proposed transaction as is necessary and appropriate to enable the" Commission and the Department of Justice (together, the Antitrust Agencies) "to determine whether the transaction may, if

consummated, violate the antitrust laws." 15 U.S.C. § 18a(d). Congress authorized the Commission, "with the concurrence of" the Department of Justice, to promulgate rules addressing the form and content of the required pre-merger reports. *Id.*

In 2024, the Commission published a final rule updating the reporting requirements. *See Premerger Notification; Reporting and Waiting Period Requirements*, 89 Fed. Reg. 89,216 (Nov. 12, 2024) (Final Rule). Plaintiffs—four non-profit associations representing businesses—brought Administrative Procedure Act claims challenging the Rule. After plaintiffs moved for summary judgment, the district court granted the motion and vacated the rule. Dkt. No. 75, at 34. The Commission then appealed and moved for a stay pending appeal. Although this Court initially entered an administrative stay, it later denied the stay motion. *See* Mar. 19, 2026, Order.

2. Soon after this Court declined to enter a stay, the Antitrust Agencies published a request for information regarding the reporting requirements. *See* FTC, *Request for Public Comment Regarding Making Improvements to the Premerger Notification and Report Form*, https://www.ftc.gov/system/files/ftc_gov/pdf/2026.03.25-HSR-RFI.pdf (Mar. 25, 2026) [RFI]. The request notes that when voting to approve the Rule, FTC's current Chairman, Andrew Ferguson, stated that post-promulgation "experience almost certainly will reveal that the Final Rule can be improved." *Id.* at 1 (quoting 89 Fed. Reg. at 89,414). The request also highlights that Chairman Ferguson "flagged that 'subsequent rulemakings . . . may be appropriate to refine the Updated Form Further and strike the proper balance between the Updated Form's benefits and burdens.'" *Id.* at 1 (quoting 89 Fed. Reg. at 89,414); *see also* 89 Fed. Reg. at 89,414 (concurring statement

of then-Commissioner Ferguson) (expressing a preference for making "deeper cut[s]" to the new reporting requirements).

In the request for information, the Antitrust Agencies have solicited public comments about how to "reduce the burden for non-problematic transactions while also making necessary updates informed by lessons learned from the recent implementation" of the Rule. RFI 2. For example, the Agencies asked commenters to "identify any requirements of the Updated Form that, in your view, may impose burdens on filers that outweigh their probative value to the Agencies' analysis of whether the underlying transaction, if consummated, may violate the antitrust laws." *Id.* at 4. The comment period is currently open and is scheduled to close on May 26, 2026. *Id.* at 8.

As the request for information demonstrates, the Antitrust Agencies are seriously considering revisions to the reporting requirements. Once the comment period closes, the Agencies will consider the comments, as well as their experience implementing the revised reporting requirements, in determining next steps, including a potential notice of proposed rulemaking. Because reviewing comments and formulating proposed changes takes time, the Agencies' current aim is to publish any notice of proposed rulemaking by the end of this calendar year.

3. In light of these developments, the government respectfully requests that this case be placed in abeyance until December 31, 2026. An abeyance would promote judicial economy by ensuring that this Court's review is focused on enduring agency action that reflects the Antitrust Agencies' current views, as informed by public

comments and the Agencies' experience with the revised requirements.  During the abeyance, the Agencies will "accept HSR filings using the same Form and Instructions that were in place before the Final Rule took effect."  RFI 1.   The government proposes to submit status reports apprising the Court of relevant developments every 60 days.

4. The government further requests that existing briefing deadlines be tolled while this Court considers this abeyance motion.  If the Court declines to enter an abeyance, the deadlines should be reset, such that the government's opening brief would be due 30 days after this Court enters its order disposing of the abeyance request.

5. Counsel for plaintiffs have indicated that plaintiffs do not oppose the relief requested in this motion.

Respectfully submitted,

DANIEL TENNY

/s/ Steven H. Hazel
STEVEN H. HAZEL

*Attorneys, Appellate Staff*
*Civil Division*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
(202) 514-2498

May 18, 2026

**CERTIFICATE OF COMPLIANCE**

Pursuant to Fed. R. App. P. 32(g), I hereby certify this motion complies with the requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point Garamond, a proportionally spaced font, and that it complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 770 words, according to the count of Microsoft Word.

*/s/ Steven H. Hazel*
STEVEN H. HAZEL